■ JEFFREY N. WALTS, Respondent, v BARBARA MASULLO-GEORGE et al., Defendants, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [824 NYS2d 506]—

Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered May 26, 2005. The order, insofar as appealed from, denied that part of the motion of defendant State Farm Mutual Automobile Insurance Company for summary judgment dismissing the complaint against it and granted plaintiff's cross motion for summary judgment against that defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, supplementary uninsured motorist (SUM) benefits under a policy of insurance issued by defendant State Farm Mutual Automobile Insurance Company (State Farm) to plaintiff's parents. State Farm denied plaintiff's claim for SUM benefits based on an exclusion in the policy providing that SUM coverage does not apply "to bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage." Supreme Court properly denied that part of the motion of State Farm seeking summary judgment dismissing the complaint against it on the issue of SUM coverage, and granted plaintiff's cross motion for summary judgment against State Farm on the issue of SUM coverage. State Farm contends that there is a triable issue of fact whether plaintiff owned the uninsured dirt bike that he was riding when he was injured, and thus whether the exclusion applies. In support of his cross motion, however, plaintiff submitted evidence that he was not the owner of the dirt bike he was riding, and State Farm failed to submit evidentiary proof

in admissible form sufficient to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, A.P.J., Scudder, Gorski, Centra and Green, JJ.